IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

OMEGA PRODUCTS, INC.           :
    Plaintiff
                                  :

    vs.                        :   CIVIL NO. 1:CV-05—0450

MOLINE MANUFACTURING CO., INC., :
and MOMAC PRODUCTS, INC.,
    Defendants             :

M E M O R A N D U M

## I.    Introduction

      We are considering the motion of the Defendants, Moline Manufacturing Co., Inc. and Momac Products, Inc., to dismiss the Complaint against them for lack of personal jurisdiction. In the alternative, they request a transfer of venue to the Central District of California. The Plaintiff, Omega Products, Inc., filed suit alleging various causes of action arising from a contract between the parties for the production, by the Defendants, of certain juicers for the Plaintiff. It was filed in federal court based upon diversity jurisdiction. 28 U.S.C. § 1332.

## II.    Standard of Review

      In ruling on a motion to dismiss for lack of personal jurisdiction we must accept as true the factual allegations in

the complaint and construe any inferences to be drawn from them in the plaintiff's favor. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002); *Heft v. AAI Corp.*, 355 F.Supp.2d 757, 762 (M.D.Pa. 2005). The burden, however, is on the plaintiff "to establish that jurisdiction is proper" once the defendant has raised jurisdiction as a defense. *Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). "The plaintiff meets this burden and presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Id.* (internal quotation and citation omitted). The parties may submit "affidavits, depositions or other competent evidence" to establish whether jurisdiction exists. *National Precast Crypt Co. V. Dry-Cor of Pennsylvania, Inc.*, 785 F.Supp. 1186, 1189 (W.D.Pa. 1992).

III. <u>Discussion</u>[1]

    A. <u>Personal Jurisdiction</u>

A court has specific personal jurisdiction over a defendant when a "claim is related to or arises out of the defendant's contacts with the forum." *Mellon Bank*, 960 F.2d at 1221 (*citing Dollar Sav. Bank v. First Sec. Bank*, 746 F.2d 208, 211 (3d Cir. 1984)). First, a court must determine whether the "defendant purposefully established minimum contacts in the forum state." *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 481 (3d Cir. 1993)(*quoting Burger Kind Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985))(internal quotations omitted). If minimum contacts are established, the court then determines whether the "exercise of personal jurisdiction...accords with the notions of fair play and substantial justice." *Id*. (*quoting Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 701 (3d Cir. 1990))(internal quotations omitted). A federal court's personal jurisdiction over a non-resident defendant extends "to the extent permissible under the state law of the jurisdiction where

---

[1] The Defendants argue that the court lacks both general and specific jurisdiction over them. The Plaintiff contends that the court has specific jurisdiction over the Defendants and does not address the Defendants' general jurisdiction argument. Thus, we will confine our analysis to the issue of specific jurisdiction as there does not appear to be a dispute as to a lack of general jurisdiction.

3

the court sits." *Id*.  The Pennsylvania "long arm statute" provides:

> **b) Exercise of full constitutional power over nonresidents.**--In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

42 Pa.C.S.A §5322(b); *Grand Entertainment*, 988 F.2d at 481. Thus, the statute reaches to the limits of the due process clause of the federal constitution. *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3d. Cir. 1984).

The Defendants contend that they do not have enough contacts with Pennsylvania to justify an exercise of jurisdiction over them.  Specifically, they aver that: (1) they own no property and have no businesses in Pennsylvania; (2) they have no financial accounts and pay no taxes in Pennsylvania; (3) all manufacturing occurs in California, no Pennsylvania residents are employed by them, and no deliveries are made to customers (including Omega) in Pennsylvania; (4) all in-person contractual negotiations with Omega occurred in California and were initiated by Omega's President, Robert Leo; and (5) that no one from either Defendant ever traveled to Pennsylvania to transact business.  (Doc. 8, Ex. B, Affidavit of Cameron

4

Moline). They maintain that merely entering into a contact with Omega cannot support an exercise of personal jurisdiction over them.

Omega argues that the course of dealings between the parties establishes sufficient minimum contacts for our exercise of jurisdiction over the Defendants. Omega avers that: (1) the parties have been engaged in business dealings for over twenty years; (2) that the business relationship began in 1985 and that part of the initial negotiations included the Defendants contacting Omega in Pennsylvania by telephone; (3) that for twenty years the Defendants shipped parts and juicers to Omega in Pennsylvania and sent invoices to Omega in Pennsylvania; (4) that Cameron Moline accepted Omega's July 1, 2004, offer in two separate letters sent to Pennsylvania; (5) that over the past twenty years, the Defendants' representatives or owner, Gary Moline, would contact Omega representatives on a daily basis; (6) that all negotiations for the purchase of juicers and parts involved the Defendants calling Omega to negotiate and faxing their acceptances to Omega in Pennsylvania; and (7) that Cameron Moline called Omega in 2005 to inquire as to whether Omega was interested in purchasing any of the Defendants' assets as the Defendants were going out of business. (Doc. 15, Ex. A, Penalty of Perjury Dec. of Robert Leo). The Plaintiff contends that the

court cannot ignore this historical course of dealing between the parties when rendering its decision.

While a defendant may not have a physical connection to a forum, this does not mean that minimum contacts cannot be established. *Mellon Bank*, 960 F.2d at 1225.  As the Defendants correctly state, merely entering into a contract with a resident of a forum is not "sufficient to justify personal jurisdiction over the nonresident." *Id.* at 1223.  Sufficient minimum contacts may be found, however, by examining "the terms of the agreement, the place and character of prior negotiations, contemplated future consequences, or the course of dealings between the parties. *Id.*; *Grand Entertainment*, 988 F.2d at 482; *Waimberg v. Medical Transportation of America, Inc.*, 52 F.Supp.2d 511, 515 (E.D.Pa. 1999).  Any mail or telephone communications directed into the forum by the defendant can help to establish minimum contacts. *Grand Entertainment*, 988 F.2d at 482.

After careful consideration of the parties' submissions, we conclude that the Plaintiff has demonstrated a prima facie case for the exercise of personal jurisdiction over the Defendants.[2]  We are conscious of the fact that the

---

[2] Of course, we can revisit the issue of personal jurisdiction if, after the parties have engaged in some discovery, it appears that the facts relied upon are disputed or inaccurate. *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141,

6

Defendants do not have a physical presence in Pennsylvania. However, we cannot ignore, as suggested by the Defendants, the long-standing business relationship between the parties. We must consider the Defendants' "contacts with [Pennsylvania] before, during, and after" the contract in question was formed. *Mellon Bank*, 960 F.2d at 1224. Specifically, the Defendants do not dispute Plaintiff's assertions that the business relationship has been on-going for twenty years; that *telephone negotiations* regarding the purchase of juicers and parts were initiated by the Defendants; that the Defendants have, on a daily basis, contacted Omega to discuss various aspects of their business dealings; and that the Defendants contacted Omega in an attempt to sell their remaining assets to them. While the Defendants' representatives may not have traveled to Pennsylvania, it is clear from the Plaintiff's submission that the negotiations and course of dealings between the parties included the Defendants' ongoing contact with Omega. Since the Defendants have not disputed Omega's assertion that they desired and initiated contact with the Plaintiff, who they knew was located in Pennsylvania, for the purposes of furthering their business relationship, we find that the Defendants have purposely established contacts with Pennsylvania. *See Fillmore*

---

142 n. 1 (3d Cir. 1992).

*Mercantile, Inc., v. ETM Entertainment Network, Inc.*, 1999 WL 178547 at *4 (E.D.Pa. 1999)(finding personal jurisdiction where defendant sought a long-term business relationship with a Pennsylvania company and where defendant "corresponded and communicated" with the company in the forum on matters important to the business relationship).

The second step in the analysis is to determine whether an exercise of personal jurisdiction would "comport with notions of substantial justice." *Waimberg*, 52 F.Supp.2d at 517. The burden is on the defendant to show that it would be unconstitutional for the court to exercise jurisdiction. *Id.* The Defendants, however, have relied solely on their argument that minimum contacts do not exist and have not addressed the second aspect of the inquiry. Since it is the Defendants' burden to show that an exercise of jurisdiction would be unconstitutional, we cannot conclude that "due process...[would be] violated by exercising jurisdiction in this district." *Id.*; *see also Mellon Bank*, 960 F.2d at 1226-7(declining to address substantial justice when issue not raised by defendant); *Trouver Capital Partners v. Healthcare Acquisition, Inc.*, 2000 WL 311029 at * 4 (E.D.Pa. 2000)(finding exercise of jurisdiction proper where defendants offered no grounds upon which to find that they would be "unduly burdened.").

B.  <u>Venue</u>

Having found that we have personal jurisdiction over the Defendants, we turn to their request for a change of venue. 28 U.S.C. § 1404(a) provides that a civil action may be transferred to "any other district or division where it might have been brought" if it is for the "convenience of parties and witnesses, in the interest of justice."  In addition to assessing the motion in light of the factors specified in the statute, we should also consider pertinent public and private interests, as explained by the Third Circuit:

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses— but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included:  the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995) (citations omitted).  Plaintiff's choice of forum "should not be lightly disturbed" and the Defendants bear the burden of showing a need for the transfer.  *Jumara*. at 879.  The Plaintiff concedes that venue would be proper in California.  Therefore, we confine our discussion to whether the "convenience of parties and witnesses, in the interest of justice," requires a transfer of venue.

The Defendants argue that venue should be transferred because the court lacks general jurisdiction over them, all of their documents are located in California, and because the conduct alleged in the complaint did not occur in Pennsylvania.  First, we have already found that we have specific jurisdiction over the Defendants based on their course of dealings with Omega.  Second, while the Defendants' books and records may be located in California, they have produced no evidence to show that the files could not be produced in the Plaintiff's forum of choice.  They merely assert that the Plaintiff would have to come to California to inspect the documents.  Finally, even assuming that the alleged conduct occurred in California, the fact that Omega has chosen its home forum "weighs heavily in [its] favor."  *Kovatch Corp. v. Rockwood Systems Corp.*, 666 F.Supp. 707, 708-9 (M.D.Pa. 1986).  We must also agree with the Plaintiff in that a transfer to California would merely serve to

10

shift the inconvenience from the Defendants to Omega.  Courts do not favor a transfer in such situations.  *Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 820 F.Supp. 150, 152 (D.Del. 1992); *Derry Finance N.V. v. Christiana Companies, Inc.*, 555 F.Supp. 1043, 1046 (D.Del. 1983); *Myer v. Miriam Collins-Palm Beach Laboratories Co.*, 1986 WL 3584 at *3 (E.D.Pa. 1986).

      Based on the foregoing we will deny the Defendants' motion to transfer venue and will issue an appropriate order.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: July 6, 2005

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


OMEGA PRODUCTS, INC.            :
         Plaintiff
                                :

         vs.                    :   CIVIL NO. 1:CV-05–0450

MOLINE MANUFACTURING CO., INC., :
and MOMAC PRODUCTS, INC.,
         Defendants             :
```

O R D E R

AND NOW, this 6th day of July, 2005, it is ordered that the Defendants' motions to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue (doc. 7) are denied.

/s/William W. Caldwell
William W. Caldwell
United States District Judge